IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND



SHARON GILBERT                                          *
13703 Dowlais Drive
Rockville, MD 20853                          *

       Plaintiff                               *

       vs.                                     *
                                      No.:

PRINCIPAL LIFE INSURANCE COMPANY    *
711 High Street
Des Moines, IA 50392-0001               *

Serve:                                      *
Kathleen Birrane
Insurance Commissioner for the State of Maryland    *
200 St. Paul Place
Suite 2700                                 *
Baltimore, MD 21202
                                      *

       Defendant
\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

Now comes the Plaintiff, Sharon Gilbert, by and through her attorney, Keith R. Siskind,

Esquire and the Law Offices of Steinhardt, Siskind and Lieberman, LLC, and files this

Complaint against Defendant, Principal Life Insurance Company (Principal) and in furtherance

thereof states as follows:

### Jurisdiction

1.  That this Court has jurisdiction over the parties of this cause of action pursuant to

    Title 28 USC, §1332 and 29 USC, § 1132 (e).

2.  That the ERISA statute provides, at 29 USC, § 1133, a mechanism for administrative

    or internal appeal of benefit denials.

1

3.  That this Court has jurisdiction of the subject matter as the long term disability plan

    issued by Principal to the Plaintiff's employer, Tunnell Consulting, Inc. (Tunnell),

    with a date of issue September 1, 2014, and amended May 1, 2017, is a qualified

    Employee Welfare Benefit Plan regulated by the Employment Retirement Security

    Act of 1974, 29 USC, § 1001, et seq.

## Venue

4.  That venue of this action lies in the United States District Court for the District of

    Maryland under 29 USC, § 1132(e)(2), 28 USC, § 1391, in that the Plaintiff resides in

    the State of Maryland, is employed in the State of Maryland, and the cause of action

    arose in the State of Maryland.

## The Parties

5.  That the Plaintiff, Sharon Gilbert, is an individual, a citizen of the State of Maryland,

    residing at 13703 Dowlais Drive, Rockville, MD 20853.

6.  That Principal entered into a contract of insurance with the Plaintiff's employer,

    Tunnell, to provide long term disability benefits to its employees.  The Plaintiff

    contends that a de novo standard of review applies since the policy was issued in

    September 2014, and delivered to employees in the State of Maryland.

## Statement of Facts

7.  That the Plaintiff was employed as a Biostatistician for Tunnell where she was hired

    on November 17, 2015.

8.  That the Plaintiff is 60 years of age.  The Plaintiff ceased working as of September

    11, 2018 due to multiple symptoms including but not limited to intense fatigue, daily

headaches, confusion, brain fog, debilitating chills, daily chest pain, neuropathy
(burning nerve pain in legs), joint pain and nausea.  Plaintiff has been diagnosed with
Lyme disease.  Plaintiff developed symptoms that advanced into a chronic long term
inflammatory illness with multisystemic involvement and immune dysregulation.
Plaintiff also suffers from significant impairments in her neurocognition which are
consistent with Plaintiff's diagnosis of chronic Lyme disease.

9.  That after Plaintiff ceased working she applied for short term disability benefits, long
term disability benefits and life coverage during disability (LCDD) benefits.  These
benefits were denied by Principal in a letter dated January 9, 2019.  **See Exhibit 1.**
On July 2, 2019 Plaintiff filed an appeal on her own behalf.  **See Exhibit 2.**
Plaintiff's appeal was denied by Principal in a letter dated February 12, 2020.  **See**
**Exhibit 3.**  Through the undersigned counsel Plaintiff filed a voluntary appeal on
March 10, 2020.  **See Exhibit 4.**  The aforesaid voluntary appeal was supplemented
with additional information in a letter dated June 3, 2020.  **See Exhibit 5.**

10. That on August 14, 2020 Principal approved Plaintiff's claim for short term disability
benefits, long term disability benefits and LCDD benefits.  **See Exhibit 6.**  However,
Principal acknowledged that it was approving Plaintiff's claim based upon the 24
month mental health limitation included in the plan.  Principal further noted that it
was continuing to review Plaintiff's claim to determine whether physical restrictions
precluded Plaintiff from working in her own occupation, or any occupation, after
December 10, 2020.  (The conclusion of the 24 month mental health limitation).

11. In a letter dated December 3, 2020 Principal issued a final determination that

3

Plaintiff's physical restrictions do not preclude Plaintiff from performing her own

occupation or any occupation.  Therefore, Plaintiff no longer meets the definition of

disability under the plan as of December 10, 2020.  This represented a final

administrative decision exhausting the Plaintiff's administrative remedies.  **See**

**Exhibit 7.**

12. That at issue in this case is the policy language of the plan.  Pursuant to the long term

disability plan the definition of disability is as follows:

*Disability; Disabled*
*A Member will be considered Disabled if, solely and directly because of sickness,*
*injury, or pregnancy:*

*During the Elimination Period and the Own Occupation Period, one of the*
*following applies:*

   a.  *The Member cannot perform the majority of the Substantial and Material*
       *Duties of his or her Own Occupation.*
   b.  *The Member is performing the duties of his or her Own Occupation on a*
       *Modified Basis or any occupation and is unable to earn more than 80% of*
       *his or her Indexed Predisabiltiy Earnings.*

*After completing the Elimination Period and the Own Occupation Period, one of*
*the following applies:*

   a.  *The Member cannot perform the majority of the Substantial and Material*
       *Duties of any Gainful Occupation for which he or she is or may*
       *reasonably become qualified based on education, training, or experience.*

   b.  *The Member is performing the Substantial and Material Duties of his or*
       *her Own Occupation or any occupation on a Modified Basis and is unable*
       *to earn more than 60% of his or her Indexed Predisability Earnings.*

Additionally, the term own occupation is defined in the plan as follows:

*Own Occupation*

4

*The occupation the Member is routinely performing for the Policyholder or a Participating Unit when his or her Disability begins as performed in the national economy.*

Finally the plan includes a 24 month limitation for a mental health condition which is defined as follows:

*Mental Health Condition*
*Any condition which is:*

     a. *manifested by a psychiatric disturbance including, but not limited to, a biologically or chemically based disorder; and*
     b. *categorized in the current edition of the American Psychiatric Associations Diagnostic and Statistical Manual of Mental Disorders.*

*Conditions not considered a Mental Health Condition include:*

     a. *dementia; and*
     b. *organic brain syndrome; and*
     c. *delirium; and*
     d. *organic amnesia syndromes; and*
     e. *organic delusional or organic hallucinogenic syndromes.*

13. That at issue in this case is whether the Plaintiff is disabled from performing the majority of the substantial and material duties of any gainful occupation due to a sickness or injury which is not considered a mental health condition.

## Count I
## (LTD Benefits)

14. The Plaintiff reasserts and incorporates each and every fact and allegation as set forth in paragraphs 1 – 13.

15. That pursuant to 29 U.S.C. §1132(a)(1) "a civil action may be brought… by a participant or a beneficiary… B. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

5

benefits under the terms of the plan."

16. That as of December 10, 2020 Plaintiff contends that she remained disabled and unable to perform the substantial and material duties of any gainful occupation due to a sickness or injury that is not considered a mental health condition under the plan.

17. That the Plaintiff contends that she has submitted objective medical evidence to document her disability. The medical and other evidence submitted on behalf of the Plaintiff demonstrates that the Plaintiff is precluded from performing the substantial and material duties of any gainful occupation due to a sickness or injury which is physical in nature and not considered a mental health condition.

18. That Principal has failed to reasonably consider the evidence presented by the Plaintiff, including the Plaintiff's medical reports, assessments and evaluations. Principal has also failed to conduct a full and fair review of Plaintiff's claim. Consequently, Plaintiff contends that the decision to deny benefits under the plan is arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith.

19. That as a direct and proximate result of the aforesaid actions Principal is in breach of its agreement to provide long term disability benefits under the plan.

20. That as a direct and proximate result of the actions of Principal the Plaintiff has sustained damages in the amount of $ 4,619.00 per month. Between December 11, 2020 and January 11, 2021 the Plaintiff is due one month of benefits in the amount of $ 4,619.00. The Plaintiff contends that she is owed continuing long term disability benefits through the maximum duration of the plan which is the Plaintiff's Social

6

Security normal retirement age of 67.

21. That as a direct and proximate result of Principal's actions the Plaintiff has been

caused to incur attorney's fees and costs in an amount not now known to the Plaintiff.

WHEREFORE, the Plaintiff prays for the following relief:

a.  That this Court conduct a de novo review and order Principal to pay the

Plaintiff all long term disability benefits due to the Plaintiff under the plan,

said benefits beginning December 11, 2020;

b.  Granting the Plaintiff a monetary judgment against Principal for all

amounts due and owing;

c.  That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. §

1132, along with pre-judgment interest;

d.  For any and all other relief to which the Plaintiff may be entitled or the

nature of this cause of action may require.

Keith R. Siskind, Esquire # 04415
Steinhardt, Siskind and Lieberman, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061
410-766-7630
krs@steinhardtlawfirm.com
Attorney for Plaintiff

7